GUILLIET
*vs.*
ERWIN.

## GUILLIET *vs.* ERWIN

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where the defendant lives alternately in Kentucky and Louisiana, prescription only runs for the time he is actually in this state.

So, where two years had elapsed, from the date of the sale until institution of suit, for redhibitory vices in slaves, and it was shown the defendant had only been ten months in the state, during that time: *Held* the action was not prescribed by the lapse of one year.

This is a redhibitory action, for the rescission of the sales of two slaves and return of the price.

The plaintiff alleges, that in February and March, 1829, he purchased two slaves from the defendant, for six hundred dollars each. That soon afterwards, one was discovered to be crazy or mad, and ran away, and the other had a consumption, of which he died shortly afterwards. He alleges both slaves are dead, and the defendant refuses to return him the price, being twelve hundred dollars, for which he prays judgment.

The defendant admitted the sale of the slaves, but expressly denies all the other allegations in the petition, and pleads the prescription of one year.

The evidence showed the slaves became diseased after the sale, and ultimately died in the possession of the defendant. But the testimony was a little contradictory as to the origin and time when the disease actually existed.

It also appeared, that the sales were made in February and March, 1829, and suit was not commenced until March, 1831 ; that the defendant lived alternately in Kentucky and Louisiana, and had been repeatedly in this state, after the contract of sale, and from the testimony, the whole time was about ten months of actual residence here in the interval.

The plaintiff had judgment for the return of the price paid for the slaves, with legal interest from judicial demand.

The defendant appealed.

*Canon*, for the plaintiff.

*McCaleb*, for the appellant.

*Mathews, J.*, delivered the opinion of the court.

This is a redhibitory action, in which the plaintiff obtained judgment in the court below, and the defendant appealed.

The allegations of the petition relate to two slaves, sold by the defendant to the plaintiff; and the redhibitory defects stated to have been inherent in them, are idiotism or madness in one, and confirmed consumption in the other. The evidence of the case, (although somewhat contradictory,) such as it was admitted by the court below, (and, in our opinion properly admitted, notwithstanding several bills of exception) establishes the existence of the vices or defects in the slaves, as alleged, sufficient to form a legal ground of redhibition.

The answer of the defendant, however, contains a plea of prescription on which his counsel seems much to rely.

The suit was not brought within the delay prescribed by law : but the absence of the defendant from the state, who is not domiciled within its limits, is offered as an excuse and justification on the part of the plaintiff, for not having commenced his suit. This justification is founded on the maxim, *conta non valentem agere, non curret prescriptio.* The service of citation on the defendant was made on the 15th of March, 1831. The sales of the slaves in question, to the plaintiff, are dated in February and March, 1829. On the 11th of June of this year, the defendant left the state. He returned on the 5th of December, of the same year, and left again on the 24th of April, 1830, and came back about the 10th of January, 1831, a little more than two months previous to the commencement of the present suit. It results from calculations based on these data, that the defendant had been in the state about ten months only, at different periods

Where the defendant lives alternately in Kentucky and Louisiana, prescription only runs for the time he is actually in this state. So where two years had elapsed, from the date of the sale until institution of suit for redhibitory vices in slaves, and it was shown the defendant had only been ten months in the state, during that time : *Held*, the action was not prescribed by the lapse of one year.

subsequent to the date of the earliest bill of sale, made by him to the plaintiff, of the slaves in dispute ; consequently, a whole year had not expired, within which he had a right to act and could act against the defendant, before the institution of this suit, and as a necessary consequence of the foregoing premises, it follows that the plea of prescription fails.

We have said in general terms, without specific arguments on the several bills of exception, found on the record, that the testimony offered on the part of the plaintiff, was properly admitted by the court below. But should we admit doubts whether the testimony of the witness, E. D. White, ought not to have been rejected, on the score of interest, leaving it out of the question, our conclusion would be the same.

This testimony has relation, principally, to a consent or agreement of the seller to take back the slaves complained of by the purchaser, but the causes of redhibition being established by other competent evidence, and the plea of prescription having failed, the plaintiff's case is considered as fully made out.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.