TYSON *vs.* M'GILL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

In whatever place the defendant may reside, the prescription of five years runs in his favor, even against minors and persons interdicted.

A conditional offer by defendant, in a conversation with the plaintiff's counsel, "that *he would pay the note if long time enough was given*," does not amount *to a new promise*, and take the case out of prescription, so as to entitle the plaintiff to recover.

This is an action against the maker of two promissory notes, both of which were over due more than five years at the commencement of suit. The defendant pleaded a discharge under the insolvent laws of Missouri, and prescription.

On the trial, the defendant offered a judgment of discharge rendered by one of the courts in Missouri, which was rejected as evidence.

The evidence showed that the plaintiff resided in New-York, and the defendant at St. Louis, until after the notes became due.

The plaintiff's counsel deposed, that he called on defendant, who remarked, that he had formerly resided at St. Louis or Illinois; that he had come to New-Orleans, in 1835 or 1836, poor, "and would pay the note if long time enough was given him." They could not agree upon the time; and afterwards, in another conversation, the defendant declined paying the note.

There was judgment for the defendant, and the plaintiff appealed.

*I. W. Smith,* for the plaintiff and appellant:

1. Prescription did not begin to run until 1835 or 1836, when the defendant came from St. Louis or Illinois to reside in New-Orleans. In "Douglas *vs.* Forrest," the court state the rule to be, that "although the injury of which the plaintiffs complain has existed more than six years, yet they have

no cause of action until there was some person within the realm against whom the action could be brought. Cause of action is the right to prosecute the right of action with effect; no one has a complete cause of action until there is somebody that he can sue." 15 *English Common Law Reports,* 430 : *see, also,* " *Williams* vs. *Jones,*" 13 *East,* 430 ; *and* " *Morgan* vs. *Robinson,*" 13 *Martin,* 77.

2. The plea of discharge under the insolvent act, in 1835, is an acknowledgment of the debt by the defendant. The prescription was then interrupted. The two pleas are inconsistent, except as to the time elapsed since 1835. The one is, as to the previous time, a waiver of the other. 1 *Troplong,* "*Prescription,*" 96, *No.* 71 ; " *Trapet* vs. *Verny,*" 23 *Journal du Palais,* 62.

3. The reply of defendant, that he had come here poor, and would pay the debt, if long time enough were allowed, takes the case out of the statute.

*Preston* and *Larue,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

This is an action against the maker of two promissory notes due, the one on the 12th of May, and the other on the 12th of August, 1834 ; and the plaintiff is appellant from a judgment sustaining the plea of prescription. The suit was brought in October, 1839. In whatever place the defendant may have resided, the prescription of five years runs in his favor, even against minors and persons interdicted. *Articles* 3505, 3506 *of the Louisiana Code.* The conditional offer made by the defendant, in a conversation with the plaintiff's counsel, does not, in our opinion, amount to a new promise, which entitles the plaintiff to recover.

The judgment of the Commercial Court, is, therefore, affirmed, with costs.