### BROADWAY'S HEIRS vs. POOL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF

EAST FELICIANA, THE JUDGE THEREOF PRESIDING.

Evidence which is inadmissible to prove title, may be received to show posses-
    sion by known marks and boundaries, which is good to sustain the plea of
    prescription.

The plea of prescription may be filed or amended on the trial, after the plain-
    tiff has closed his evidence. It is a plea favored in law, and may emphati-
    cally be filed at any time.

This is an action in the nature of a petitory one, but also
partaking of the character of an action of boundary. As the
case has been remanded for a new trial on the merits, it is

unnecessary to go into a full report of it now. The opinion of the court fully explains the law points settled in it.

EASTERN DIS.
July, 1841.

BROADWAY'S
HEIRS
vs.
POOL.

In the court below the plaintiffs had judgment, from which the defendant appealed.

*Lawson & Muse*, for the plaintiffs.

*Andrews*, for the defendant.

*Garland, J.* delivered the opinion of the court.

This suit is instituted to recover thirty-two and 80/100 acres of land, which the plaintiffs say, belongs to them. The plaintiffs claim under William Hutson, who holds from R. M. Collins, and he under the same William Hutson, who it is alleged transferred his claim to Collins and then took it back again. The title arises from what is generally called a *donation claim* under the 5th, 6th, 7th, 8th and 9th sections of an act of Congress, approved 3d March, 1819, in relation to the settlement of land claims in the district east of the island of New Orleans; 1 Land Laws, 758. It is alleged the defendant has taken possession of a part of this land, has cut down the timber and committed trespasses, to the damage of plaintiffs, $500. The prayer is a judgment for the land and damages.

The defendant denies generally the allegations in the petition and further says, " he holds his lands under one Isaac Polk, who settled there long before William Hutson. That when or after said Hutson settled there, a conditional line was agreed on between said Polk and Hutson, at a point on Richland creek, which conditional line would include the field now occupied on said creek by said plaintiff, including thirty acres which was taken from him by the surveyor, on the ground he could not go across the improvements of either of the parties." Wherefore he prays the original line may be restored and the said thirty acres decreed to be his property.

On the day the trial commenced the defendant filed a plea

EASTERN DIS. of "prescription of ten years under the act of Congress of
July, 1841. 1819."

BROADWAY'S      On the second day of the trial the defendant by leave of the
HEIRS
*vs.*       court, withdrew his demand in reconvention and on the next
POOL,       day plaintiffs withdrew their claim for damages. The same
day the defendant endeavored to reinstate his demand in recon-
vention, which was refused. The court would not receive
evidence of the defendant's title and possession; he offered to
amend his plea of prescription by making it more definite and
particular, which the court refused on the ground it came too
late. Nearly all the evidence offered by the defendant was
rejected, there was judgment against him and he appealed.

This is evidently one of those vexatious neighborhood suits,
which the members of an honorable and learned profession
ought always to discourage rather than stimulate; and it seems
to have been conducted in the court below by both parties, as
much if not more, with a view of obtaining a triumph than the
attainment of justice. The pleadings on the part of the de-
fendant are, from negligence or design, drawn in such general
and vague terms, as to make it difficult to know what he in-
tended to offer in evidence, and to himself in some degree
does he owe his defeat.

The record is made up almost entirely of bills of exceptions
(seventeen in number) and the documents appended to them.
Many of these bills are so frivolous as not now to require
notice. We shall only give opinions on such of them as are
necessary to the present disposition of the case.

In this court various efforts were made to dismiss the appeal,
for alleged defects in the citation, its mode of service, the
return day, and the manner of making the heirs of Esau
Broadway parties. In relation to all the objections except the
last, it is sufficient to say that the 19th section of the act of
1839, amending the Code of Practice, p. 170, cures the defects.
As to the last objection, it was unnecessary, perhaps illegal,
for the clerk of the District Court to have issued a citation to
these heirs; but as it appears the order of this court making

them parties to the appeal was served on them we think it sufficient.

EASTERN DIS.
July, 1841.

The ninth bill of exception is to the refusal of the judge to permit the defendant to put the following interrogatories to John L. De Lee, John Dickson, Elias Norwood and Benjamin Abbott:

BROADWAY'S
HEIRS
vs.
POOL.

1st. What Broadway gave Hutson for the land, and whether the sale was or was not made by the acre and at two dollars per acre.

2d. Whether or not they did not hear Broadway say, he consented the line run by Bowling should be run at the time it was.

3d. Whether Broadway had not said, that he had agreed to purchase the land in controversy of the defendant.

4th. Whether they or some of them were not called on, in or about the year 1827, by defendant, to go with him to forbid Broadway from cutting timber on the land.

5th. If there was not a turn in the lane, which passed between the improvements of the parties, and if the lane was not now in the same place it was when Bowling run the line.

We think the judge erred. The testimony though inadmissible to prove title, went to show a possession by known marks and boundaries, and was good to sustain the plea of prescription.

*Evidence which is inadmissible to prove title, may be received to show possession by known marks and boundaries, which is good to sustain the plea of prescription.*

The eleventh bill of exception is to the opinion of the judge refusing defendant leave to amend his plea of prescription after plaintiffs had closed their testimony and whilst defendant was offering his. The bill states "the court having refused to receive evidence of the defendant's title to the premises in dispute," he offered to amend his plea of prescription. The amendment does not seem to change the character of the plea, but to make it more specific, setting out the character of the title under which he holds, and the length of possession. The court refused leave to amend on the ground it was too late. The defendant then offered to file a new plea, which comes up with the bill. This the judge would not permit him to do.

The judge was of opinion that although a plea of prescription may be filed at any time during the progress of the cause, yet when an offer is made to amend it, after the plaintiff has closed his testimony, it is too late. In this we think the judge erred. The plea of prescription may be filed at any time, even on the appeal; C. Pr., art. 346. It therefore seems a little strange, that if the whole plea can at any time be filed, that an amendment cannot. Courts must take care plaintiffs are not surprised by the filing of such pleas; and if the defendant waited until his adversary's testimony was closed, the court could have opened it again, if necessary for the purposes of justice. Prescription is a plea favored in law, being calculated to arrest suits, the stirring up of antiquated claims, and the preservation of the peace of society. " It is a statute of repose." 1 Peters, 360.

The judgment of the District Court is therefore annulled, avoided and reversed, and the cause remanded to the court below for a new trial, with directions to the judge to permit the defendant to file his plea of prescription, and not to reject the testimony mentioned in the ninth bill of exception, and otherwise to be proceeded in according to law; the plaintiffs paying the costs of this appeal.