## GARLAND v. HOLMES.

The claim of a steamboat captain for wages is not prescribed by the lapse of one year, under art. 3499 of the Civil Code, where his employer is an absentee.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Byrne*, for the plaintiff. *Mount* and *Mott*, for the appellant.

The judgment of the court was pronounced by

ROST, J. The plaintiff, a resident of the city of New Orleans, obtained judgment against the defendant, who resides in the State of Mississippi, for wages as captain of a steamboat, the property of the defendant. The services

were rendered from the 14th of September, to the 14. May, 1844, and this action was commenced on the 27th of May, 1845, more than one year after the rendition of the services. The defendant filed, under art. 3499 of the Civil Code, a plea of prescription, which was disregarded by the court below, and he appealed.

We are of opinion there is no error in the judgment. The defendant, at the time he made the contract, resided in the State of Mississippi, and has continued to reside there. The plaintiff, having found him in Louisiana temporarily, instituted this action, and arrested him. The prescription of one year does not apply to such a case. Prescription does not run against those who cannot prosecute their claims. 7 La. p. 580.

The judgment is, therefore, affirmed with costs.

GARLAND<br>v.<br>HOLMES.

---

## SAME CASE—APPLICATION FOR A RE-HEARING.

Points of law not made in the original argument of a case, will not be noticed on an application for a re-hearing, where justice does not require it.

*Mount* and *Mott*, for a re-hearing, contended that the maxim, *Contra non valentem* &c., cannot apply to the plaintiff's case, as he might have caused a curator *ad hoc* to be appointed and have sued. Civil Code, art. 57. C. P. art. 116. 12 La. 606. 6 Rob. 147, 534. 15 La. 145. 19 La. 262. 1 Peters, 360.

The judgment on the application for a re-hearing was delivered by

ROST, J. The counsel for the defendant, in support of their application for a re-hearing, have favored us with a printed argument, in which they have attempted to show numerous errors in the judgment and opinion of the court. It is necessary to a proper understanding of the grounds upon which they rely, to revert to the facts of the case, and to the points made before us in the argument.

This was an action in which a citizen of Louisiana claimed from an absentee a sum of money, for services rendered as captain of a steamboat running on the Mississippi and Yazoo rivers, between two points situated in the State of Mississippi, and belonging to that absentee. The answer of the defendant was a general denial, and the plea of prescription. The rendition and value of the services was admitted by the defendant on the trial, and he relied on the naked plea of prescription, without making any showing by which his case could be taken out of the general rule in such cases made and provided. The court below disregarded the plea, under the maxim, *Contra non valentem agere non currit prescriptio*, and the decisions of the late Supreme Court in *Morgan v. Robinson*, 12 Mart. 76, and *Guillet v. Erwin*, 7 La. 580. Judgment was rendered against the defendant, and he appealed.

On the appeal his counsel informed us that they relied exclusively on the plea of prescription, and made the following points in support of that plea:

" The plaintiff sues, 27th May, 1845, as captain of a steamboat, the defendant as sole owner, for wages due the 14th of May, 1844, more than one year before commencing his suit.

" We rely upon art. 3499 of the Civil Code, which says that, for the payment of the freight of ships and other vessels, the wages of the officers, sailors and others of the crew, are prescribed by one year.

"The *lex fori* gos prescription. *Union Co.* v. *Lobdell,* 7 Mart. N. S. 108. *Tyson* v. *McGill,* 15 La. 145.

"The plaintiff is within art. 3499 of the Code. See *Millaudon* v. *Martin,* 6 Rob. 535. The master of a merchant vessel or steamer is an officer within the meaning of art. 3499 of the Civil Code, and his action for his wages is prescribed by one year."

Upon the issue thus made before us, we were of opinion that the law, as well as all the equity of the case, were with the plaintiff, and we affirmed the judgment.

It is contended that the precedents upon which the decision rests are not applicable to the case at bar, because they were redhibitory actions against non-residents, who temporarily resided here, and to whom, under art. 2512 of the Civil Code, the limitation of one year does not apply. This argument rests upon a misapprehension of facts. The decision in *Morgan* v. *Robinson* was made in 1822 under the old Civil Code, which did not contain the exception found in art. 2512 of the present Code. The court state that there was no exception, and their opinion is not based upon legislative enactments: it is deduced from the consideration that the maxim, *Contra non valentem agere non currit prescriptio,* is an axiom, or first principle of natural law and justice, and therefore applicable to every system of jurisprudence wherein the contrary is not expressly established by legislative power. The court go on to say that the 'express terms of limitation on the subject of prescription, ought not to be interpreted so as to conflict with this universal maxim of justice.

In *Guillet* v. *Erwin,* the court recognized the same doctrine, and so far as this case is concerned, nothing contrary to, or inconsistent with it, has since been *expressly established by legislative power.*

The point is now made for the first time, that the plaintiff could act—that he might have caused a curator *ad hoc* to be appointed to the absentee; and the views of the court in the case of *Georges* v. *Fitzgerald,* 12 La. 606, are cited in support of that position. The court there say: "In the case of *Guillet* v. *Erwin,* it was not urged that the plaintiff might have interrupted the prosecution, by a suit and the appointment of a curator *ad hoc.* The court did not notice this circumstance, which probably would have induced it to support the plea. But admitting that the appointment of a curator *ad hoc,* and service of citation on him, are not needed for the interruption of prescription, they may be of great utility to a party, etc."

These views leave the question entirely open for further adjudication, and when it is properly placed before us, it will receive our prompt consideration; but it was not presented in this cause. This, and all the remaining points relied on for a re-hearing, were not made in the argument, and cannot be noticed now. It is true we have power to grant, or order a re-hearing, when justice, in our opinion, requires it; but this is far from being a proper case for the exercise of that discretion.

The only question presented to us on the points made by the defendant's counsel was, whether the claim of a steamboat captain, residing in Louisiana, for wages, is prescribed by the lapse of one year, under art. 3499 of the Civil Code, when his employer is an absentee, and we have decided no other.

*Re-hearing refused.*