A. Thompson & Co. *v.* Robert Howes.

When a party is sued for damages, resulting from a breach of contract in failing to deliver, as he had contracted to do, a specific number of molasses barrels—*Held:* That the market price of barrels at the time of the breach of the contract, and not exceptional sales, is the proper criterion for the estimation of damages.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*A. N. Ogden & Stansbury,* for plaintiffs. *Mott & Fraser* and *Whitaker & Fellows,* for defendant and appellant.

Merrick, C. J. About the 20th or 22d day of January, 1857, the defendant contracted to deliver to the plaintiffs fifteen hundred molasses barrels at one dollar each.

On the 28th day of the same month, the plaintiffs made a demand for the barrels, and stated their willingness to pay for the same.

The next day they sought to obtain a specific performance of the contract, and for that purpose sued out a writ of sequestration. The Sheriff was able to seize only five hundred barrels, and these the defendant released by giving bond.

The plaintiffs afterwards filed a supplemental petition, and claimed three hundred and fifty dollars damages for the breach of the contract. No objection appears to have been made to this change in the pleadings.

Judgment was rendered in favor of the plaintiffs for $375, and the defendant appeals.

The defendant contends that the District Judge has assessed the damages too high, inasmuch as the evidence shows that about the time of the alleged breach of the contract plaintiffs bought fifteen hundred barrels at a less sum than that allowed by the Judge, and sales have been shown by the defendant to have been made by different parties for from 90 cents to $1 10, and no advance in the market has been shown from the 22d to the 28th of January.

We think that the testimony shows that the market value of the barrels at the time of the breach of the contract was not less than that found by the District Judge. It is the market value at the time of the breach of the contract, and not exceptional sales, which is the criterion for the estimation of damages in actions of this kind, at least where no portion of the price has been paid. *Nelson* v. *Morgan,* 2 M. R. 263; *Douglas* v. *McCallister,* 3 Cranch, 298, (1 condensed, p. 537;) 3 Wheaton, 200, *Shepherd* v. *Hampton;* *Vance* v. *Tourné,* 13 L. R. 225; C. C. 2462; 2 Greenleaf's Evidence, sec. 251. The District Judge did not therefore err in his assessment of the damages.

The plaintiffs, by abandoning their original action and claiming damages for a breach of the contract, have abandoned their sequestration. They are, therefore, bound for the costs occasioned by it.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be so amended as to decree, that the plaintiffs shall pay the costs of the sequestration, and that the said judgment of the lower court, so amended, be affirmed, the plaintiffs paying the costs of the appeal.