Ilsley, J.
This case presents but one question: Whether the plaintiff’s action on one of the two notes sued on, upon which a partial payment was made on the 30th January, 1861, thus interrupting prescription up to that time, was prescribed on the 80th April, 1866, the day on which the citation, etc., was served on the defendant.
On the 30th January, 1866, the time for prescription would have expired, but of this time, there were two years and two months, during which all j udicial actions in the parish of Pointe Coupée where the defendant resided, was suspended, as there were then therein neither courts, nor officers of courts; and we are now to determine whether the plaintiff having failed to sue within the fiveyears, although there was no impediment to his doing so during the last six months of the legal delay, his action subsequently instituted on the note partially paid, is not prescribed.
In a very elaborate and well-prepared opinion, the Judge of the Court below, regarding as authoritative the express terms of restrictions laid down in regard to prescription in our Code, and adopting the opinions of Marcadé and Troplong, sustained the plea, and dismissed the plaintiff’s action.
This Court has always considered the maxim, Contra non válentem agere non currit prcescripiio, an axiom or first principle of natural law, and notwithstanding the terms of limitation in prescription, contained in the old, as well as the new, Coda, have interpreted these terms in such a manner as to harmonize with this maxim of universal justice. This maxim, said this Court, in Reynolds v. Batson, 11 An. 729, has been applied to prescriptions, liberandi causa, in three classes of cases.
1.Where there was some cause which prevented the Courts or their officers from acting or taking cognizance of the plaintiff’s action; a class of cases recognized by the Roman law as proper for the allowance of the utile tempus. See Digest, lex 1, lib. 44, t. 3. Ibid $ 7, 8 and 9, lex 1, lib. 49, t. 4,
2.The second class of cases are those where there was some condition or matter coupled with the contract, or connected with the proceedings, which prevented the creditor from suing or acting.
3.The third class of cases is where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.
The first category of cases enunciated above would seem sufficiently *132 large and comprehensive to embrace such, as the one now under consideration, which apparently should be governed by the doctrine taught in the case of Querry’s Executor v. Faussier’s Executor, 4 M. 609; but this Court has settled a different jurisprudence in regard to the prescriptions in actions on bills of exchange, notes payable to order or bearer, &c., and has held that the maxim, Contra non valentem,, resting solely on jurisprudence, cannot be applied to such a prescription, without violating the manifest spirit and intention of express law that that prescription running against minors and interdicted persons, thereby indicated the policy of the law-giver, and his intention that it should be strictly enforced.
The cases announcing this deviation from the general application of the maxim are those of Tyson v. McGill, 15 La. 145; Hatch v. Gilmore, 3 An. 508; and Suydam v. Kinney, 9 An. 316.
In concluding its remarks in the case of Hatch v. Gilmore, this Oourt observes, “In the view we have expressed, we have taken it for granted for the purpose of argument, that the maxim, Contra non valentem, would apply to the case before us, were the contract not of the class comprehended by articles 3505 and 3506 O. O.” All the eases referred to in 15 L. 145; 3 An. 508; 4 An. 518, and 9 An. 316; in support of this last doctrine, presented but one state of facts, that the absence of defendant from, or his removal to another State or country, was no reason for interposing the maxim against the prescription of action upon bills of exchange, &c.
From the tenor of all these cases, it may be gathered that the Oourt was of the opinion that the maxim should not prevail against the prescription just now stated, whenever a party can act, however inconvenient it may be for him to do so.
There are, however, cases, as in Boyle v. Mann, 4 An. 170, and Martin v. Jennings, 10 An. 553, wherein the maxim, Contra non valentem, was permitted to be invoked, and was deemed applicable to the prescription referred to in articles 3505 and 3506, C. C. They were cases falling within another of the categories which we have enumerated, to cases always discountenanced by Courts, that is to cases in which the debtor himself has done some act to prevent the creditor from availing himself of his action.
It being shown by the authorities we have referred to, that, unless in a certain class of exceptional cases embraced in the third category, the maxim cannot be invoked against prescriptions on bills, &c., when suit might be instituted before the expiration of the time to prescribe, it is clear that the plaintiff in this case cannot claim the benefit of the maxim, for after every obstacle had been overcome, and every difficulty removed by the opening of the courts and the appointment of officers, more than six months yet remained of the five years, during which the plaintiff’s action might have been brought; and the fact of his being a non-resident formed no valid excuse, as the law makes no distinction in prescription between resident and non-resident, indeed it excepts no class of persons, not even minors or interdicted, persons. Prescription in this case has barred the plaintiff’s action.
It is therefore ordered, adjudged and decreed, that the judgment of the District Oourt be affirmed, with costs.