DAWKINS, J.
Plaintiff and defendant executed two agreements, the first a memorandum, signed by defendant alone, to wit:
“Sold to S. Bender, 2,000 ft. pipe, $1,600. $850 cash. 75 tons scrap iron to be delivered to shop.
“Accepted. S. Bender.
“Nov. 2, 1916”
—and the second, a sale and confirmation of the first, reading as follows:
*451 “Shreveport, La., Nov. 2, 1916.
“Sold to S. Bender Supply Co., City, 2,000 ft. second casing (6-inch), $1,600.00. We are to take 75 tons first grade heavy machinery scrap at ten dollars per ton, as part payment. Balance in cash amounting to $850.00 to be paid within 10 days from this date.
“Accepted by S. Bender Supply Co.,
“By S. Bender.
“Oil City Iron Works,
“By H. C. Bewster.”
The record, shows that plaintiff, Oil City Iron Works, delivered the pipe according to contract, and defendant, admittedly, paid the $850 cash, but delivered only 4 tons of the scrap iron. Plaintiff demands the delivery of the remaining 71 tons, and, in default thereof, its value, alleged to be $15 per ton, or $1,065 at the time of filing this suit, and the further sum of $1,500, alleged to have been suffered on account of having to purchase more expensive materials to take its place, for inconvenience, loss of time, attorney’s fees, etc., for bringing the suit.
Defendant admits signing the documents quoted, but avers that he was to pay 60 cents per foot for the 2,000 feet of pipe, or a total of $1,200, and that the price was, through error, fixed at 80 cents per foot instead. He denied that plaintiff has been damaged, as alleged, and avers that plaintiff has delivered to him, defendant, only 1,440 of the 2,000 feet of pipe called for by the contract; that plaintiff was due him an open account of $250.48, at the time of-making the agreement, which it was agreed should be paid or deducted from the price of the pipe, and that plaintiff is due him the further sum of $90.40, for goods subsequently purchased. Defendant reconvenes for the sum of $66.98 as the alleged difference between the value of the pipe delivered and the cash paid to plaintiff, plus the open account.
Plaintiff moved to strike out the reeonventional demand on the day of trial, but the motion was referred to the merits.
There was judgment below, ordering defendant to deliver to plaintiff 71 tons of first-grade heavy machinery scrap iron, within 30 days, and in default thereof that plaintiff have judgment against defendant in the sum of $994, with legal interest from January 4, 1917.
Defendant appealed, and plaintiff has answered, praying that the judgment, be increased to the sum originally demanded by it.
Opinion.
The record indicates rather clearly that the things which brought about this litigation were: First, the enhancement in value of scrap iron; and, secondly, the effort of defendant to force the payment by plaintiff of a disputed open account, about which nothing was said at the time of signing the contract for the sale of the pipe and the purchase of the scrap iron. No useful purpose could be served by discussing at length the mass of evidence in this case, which is thoroughly reviewed in the well-considered opinion of the district court.
[1] The motion or exception to the reconventional demand was very properly sustained, in the decision on the merits, for the parties were residents of the same parish, and the account did not grow oht of the contract for the pipe and scrap iron. C. P. art. 375.
[2] The measure of plaintiff’s damages was the value of the scrap iron undelivered, or the price it would have had to pay for similar material to take its place, and which the lower court found to be $14 per ton, or a total of $994. Seaton v. Second Municipality of New Orleans, 3 La. Ann. 44; Marchesseau v. Chaffee, 4 La. Ann. 25; McCord v. West Feliciana Ry. Co., 3 La. Ann. 289.
The other damages claimed were not recoverable. Fox & Co. v. Jones, 39 La. Ann. 929, 3 South. 95.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.