MANSELL HUNT CATTY CO., Appellant,

v. ELMER CANDY CO., INC.

—

(December 13, 1926. Opinion and Decree.)
(January 3, 1927. Rehearing Refused.)

—

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 239.**

The prescription applicable to the redhibitory action remains suspended during the absence from the state of a seller who is not domiciliated in the state, even in cases where he never resided in the state.
   (Article 2534 of the Civil Code.)

2. **Louisiana Digest—Sales—Par. 236, 237, 240.**

A buyer is entitled to the redhibitory action when the thing sold to him contains a defect which renders it absolutely useless, or its use so imperfect that he would not have purchased it had he known of the defect.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Mansell Hunt Catty Company against Elmer Candy Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

H. W. Robinson, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit to recover the price of merchandise sold and delivered.

The plaintiff alleged that it was a corporation organized under the laws of Great Britain with its principal domicile and place of business in the city of London, England; that on November 7, 1919, the plaintiff received from the defendant an order for 25,000,000 tulips at the price of 16c per 1000, delivery in 1920; that on March 5, 1920, in accordance with said order, the plaintiff shipped to the defendant tulips to the value of $1670.45 which defendant received but refused to pay for.

The defendant by answer filed November 22, 1922, admitted the order for the tulips and the receipt of them.

It further alleged, however, that during January, 1919, defendant had ordered from the plaintiff a large quantity of lace paper strips to be used in decorating boxes of candy under a contract in which it was contemplated that the lace strips would be suitable for use by box makers for assembling candy boxes; that accordingly plaintiff had shipped to defendant lace strips amounting to $1073.30, for which it had paid immediately before it had an opportunity to examine it or to submit it to box manufacturers; that after the defendant had submitted the lace to box manufacturers they reported that the lace was of an inferior quality, that it tore and broke, so that it was impossible to use the same in the lacing machines; that, therefore, defendant is entitled to deduct the amount of said bill of $1073.30 from plaintiff's claim, $1670.45, leaving a balance of $597.15 due by defendant, which it is willing to pay.

The plaintiff thereupon filed a plea of prescription of one year against defendant's claim in compensation, and by rule on defendants' answer asked for judgment for the amount prayed for, $1670.45, or in the

alternative for the sum admitted by the defendant to be due, $597.15. Upon the rule there was judgment for plaintiff for $590.11. Upon the merits there was judgment for the defendant rejecting plaintiff's demand.

Plaintiff has appealed.

It was agreed that defendant's exception should be "regarded technically as a plea in compensation and alternatively a prayer for judgment in reconvention".

Plaintiff's plea of prescription is based upon Article C. C. 2534 (2512) reading as follows:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser, nor where the seller, not being domiciliated in the state, shall have absented himself before the expiration of the year following the sale, in which case the prescription remains suspended during his absence."

We see no reason why the last paragraph of the above article should not apply to a case, as in the one presently discussed, where the seller was not domiciled in the state at the time of the sale and never resided here. The reason is the same arising from the difficulty of making tender of the thing sold, and of suing and citing the seller.

The last section of Article 2534 is a recognition and application of the doctrine, "Contra non valentem agere non currit prescriptio". Whether the seller had been in the state temporarily and had absented himself for a time, or whether he had never resided within the state, the reason is the same.

We therefore conclude that the plaintiff's plea of prescription was not well founded.

But the contract of January, 1919, involved a sale of two kinds of strips, one, 2 inches in width and the other 1¼ inches wide. The price of the former amounted to $739.12, while the price of the latter was only $333.48.

The evidence is that the two-inch strips were too heavily embossed and worthless for the purpose for which they had been purchased. Concerning these there is abundant testimony. But the plaintiff contends that the narrow strips were fit for use. Landsfield and Sequin, both box manufacturers of this city and both of whom attempted to apply the strips, both swear that both sizes were unfit for use. The plaintiffs' witness himself, Brockelbank, testifies that both strips having been made from the same piece of paper on the same roller would indicate that if there is a defect in one strip the other would also be defective.

Shepley Brown, inspector of finished machines, another witness for plaintiff, who made a test of the lace, said that the narrow strips were found to be satisfactory on test, but the wide strips were unsatisfactory on account of the deep embossing making them weaker at the glue line.

We see no reason to disturb the judgment, and it is therefore affirmed.