No. 4129

Second Circuit

(Second Division)

———

REMINGTON CASH REGISTER CO., INC.,
v. KERR

———

(February 16, 1932. Opinion and Decree.)

———

Albert E. Bryson, of Shreveport, attorney for plaintiff, appellant.

Harry V. Booth, of Shreveport, attorney for defendant, appellee.

DREW, J. On September 1, 1929, plaintiff sold to defendant a cash register for the price of $165. At the time, $15 was paid, and the remainder was to be paid in installments of $10 per month, for a period of fifteen months. Defendant did not pay several of the installments as they fell due, and the present suit was filed on the contract of sale under the clause which made all payments due upon failure to pay any one installment when it became due. Suit was filed on April 12, 1930, and answer was filed on April 18, 1930.

Defendant in answer set up that he was the owner and operator of a barber shop in the city of Shreveport, and employed a number of barbers, who worked for him on a commission basis. That, in order to properly record the business of each barber, it was necessary for a cash register or machine to be used which would record each sale and, in doing so, issue a ticket, which ticket would be identified with a number, as well as disclose the amount of the sale thereon. That he purchased the cash register from plaintiff only after the representative of plaintiff had assured him that it was particularly. adapted, constructed, and built for use in a barber shop, in that said machine would issue a ticket with a serial number and sufficient numbers of identification to represent the barbers employed by him, as well as showing the amount of the particular sale involved, and the totals of the day's business. Defendant further alleged, in detail, that the said cash register failed in every one of the different instances, as above enumerated, which it had been represented to do, and was worthless to him. He alleged that he had made complaint, and that plaintiff had attempted to fix the machine, without results. Defendant further alleged that he had attempted to get plaintiff to take the cash register and return his contract, without avail. He prayed that plaintiff's demands be rejected and, in reconvention, for judgment for the initial payment of $15. The lower court rejected the demands of plaintiff and awarded judg-

ment for defendant on the reconventional demand, as prayed for. From this judgment, plaintiff has appealed.

The principal motive for defendant in making the purchase of the cash register was that it should perform the services represented by plaintiff's representative, that is, record each sale, issue a slip giving the number and price, and also show the totals for the day. The slip issued, by each barber would be kept by him and at the end of the day could be checked against the register by number, amount, and totals. Under articles 2520 and 2529 of the Revised Civil Code, if the cash register failed to perform the service required, it gave rise to a redhibition. Standard Motors Finance Co., Inc., v. Yellow Bayou Gin & Planting Co., 1 La. App. 424; Alex Oil Co. v. Kaplan & Son, 7 La. App. 485; Mansell Hunt Catty Co. v. Elmer Candy Co., 5 La. App. 436.

The evidence is convincing that the cash register utterly failed to do the things it was represented to do, and that it was worthless to defendant. It would issue slips without numbers, without price, sometimes blank, and sometimes not at all. It would cut the slips in half and would often jam. As an instrument to keep a record of the work of each barber, it was worthless. After defendant tried to use it and to have it fixed from time to time for two or three months, he ceased trying to use it, and insisted that plaintiff take it back and return him his obligation. It is unnecessary to review in detail the evidence of each witness. The lower court found the defense set up by defendant to be well founded, and we agree with the lower court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.