**AFCO STEEL, INC.,**
Plaintiff–Appellant,

v.

**TOBI ENGINEERING, INC.,**
Defendant–Appellee.

No. 89–4675
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1990.

F. Rae Swent, Provosty, Sadler & deLaunay, Alexandria, La., for plaintiff-appellant.

Russell L. Potter, Andrew P. Texada, Stafford, Stewart & Potter, Alexandria, La., for defendant-appellee.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

This Louisiana diversity case concerns the running of prescription against an out of state vendor corporation in a redhibitory action. It presents for decision the question whether the third paragraph of La.Civ. Code art. 2534 suspends the running of prescription in such action against an out of state corporation vendor never present in the state. The district court held that prescription is not suspended and granted defendant's summary judgment motion. We agree.

Appellee, TOBI Engineering, Inc. (TOBI) is an out of state corporation not authorized to do business in Louisiana. It sold to appellant a defective product which it manufactured. More than one year after the sale and more than one year after appellant became aware of the defect it brought this redhibition suit against TOBI. TOBI moved for summary judgment contending that, under La.Civ.Code art. 2546, the claim against it had prescribed. Appellant argues that the third paragraph of art. 2534 suspended the running of prescription.

■ Article 2534 provides:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.

This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. Nor where the seller, not being domiciled in the state, shall have absented himself before the expiration of a year following the sale; in which case the prescription remains suspended during his absence."

The district court held that: "... by its own provisions, however, the suspension of the general prescriptive period is only applicable when the seller leaves the state during the one year after the sale." R. p. 49. The district court acknowledged that the Louisiana court in *Mansell Hunt Catty Co. v. Elmer Candy Co.*, 5 La.App. 436 (Orl.App.1926) applied the suspension provision to a corporate out of state seller on the basis of the doctrine of "contra non-valentem" but found none of the elements of that doctrine present here. R. p. 50.

Statutory interpretation is a question of law subject to *de novo* review by this court.

We begin with the wording of the article which plainly provides that it is only when the seller absents itself "... following the sale ..." that prescription is suspended. The clear implication of this language is that the seller was present in the state at the sale and at some time after the sale absented itself from the state. Appellant's contention that this language applies to a seller who was never present in the state simply is not borne out by the plain meaning of the language.

The suspension provision of Article 2534 has been seldom addressed by Louisiana courts [1] and has been applied consistently as the district court did except in *Mansell Hunt Catty Co. v. Elmer Candy Co.*, 5 La.App. 436 (Orl.App.1926). In *Mansell,* the Louisiana Court of Appeals applied the article as appellant would have us do. That is, it applied the suspension provisions to a corporate seller who was never present in the state. Following a discussion of the difficulties in 1926 of making service of process upon non-residents in a timely manner, the Court held that this application of the suspension provisions was required by the doctrine "contra non-valentem." Factors promoting use of that doctrine are not, however, present in the case *sub judice*. Appellant was always aware of appellee's whereabouts consistently had the ability and opportunity to make service and was apprised of all relevant facts at all times.

■ The doctrine of contra non-valentem applies only:

1. If there is a legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's claim; or

2. If the plaintiff is prevented by some act of the defendant from availing itself of its cause of action; or

3. If there was some condition coupled with the sale or connected with the proceedings which prevents the plaintiff from suing or acting on its claim; or

4. If the cause of action was not known or reasonably knowable by the plaintiff. *Grant v. Carroll,* 424 So.2d 389 (La.App. 2d Cir.1982). None of those factors exist here.

---

1. *Guilliet v. Erwin,* 7 La. 580 (1835); *Morgan v. Robinson,* 12 Mart. (O.S.) 76 (1822); *Mansell Hunt Catty Co. v. Elmer Candy Co.,* 5 La.App. 436 (Orl.App.1926); *J.A. Fay & Egan Co. v. La-fayette Lumber Co., Inc.,* 9 La.App. 674, 119 So. 781 (1929); *Allen v. Burnett,* 530 So.2d 1294 (La.App. 2nd Cir.1988).

Additionally, when *Mansell* was decided, former Civil Code article 3518 provided that prescription could be interrupted only by timely service of process on defendant. It was not until the passage of La.R.S. 9:5801 (West 1989) in 1932 that the filing of a suit in a proper venue would interrupt prescription without service.

▮ Two additional reasons may be offered for the correctness of the result reached by the district court:

Article 2534 refers to the "domicile" of the seller. Corporations have a registered office or a principal business establishment but not a domicile. La.Civ.Code arts. 42, 77. Domicile is technically the relationship created by the law between an individual and a particular locality and appears to have no direct relationship to corporations. *Shreveport Long Leaf Lumber Co. v. Wilson*, 38 F.Supp. 629 (D.C.La.1941).

To adopt appellant's construction of article 2534 would mean that prescription would never run in a redhibitory action against a corporate vendor never present in the state. Such result was obviously not intended.

▮ Appellant next argues that if the district court's interpretation of article 2534 is correct a genuine issue of material fact (appellant's presence in or absence from the state at time of sale) remains which precludes summary judgment. Appellee contends that this is a matter of defense which it need not negate until appellant has come forward with proof, which appellant has not done.

Appellee is correct. Under Fed.R.Civ.P. 56(e) the moving party need not produce evidence showing the absence of an issue of material fact with respect to an issue on which the non-moving party bears the burden of proof. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Having shown that there is no genuine issue of material fact that the prescriptive period has run, appellee carried its burden. The burden of proving suspension of the running of prescription is on appellant. No evidence was offered.

Accordingly, the judgment of the district court is

AFFIRMED.