ROGERS, J.
 

 Mente & Co., Inc., in uvo petitions, original and supplemental, sued the Louisiana State Rice Milling Company, Inc. for $4,330.-19 due for merchandise sold and delivered. Defendant reconvened for $28,684.23, comprising various amounts for defective rice bags sold and delivered by plaintiff to defendant and to the Arkansas and Lonoke Mills, owned and operated by the Arkansas State Rice Milling Company, a subsidiary of defendant.
 

 Mente
 
 &
 
 Co., Inc., excepted to the reeonventional demand and moved to strike it out, on the ground that both plaintiff and defendant are domiciled in the parish of Orleans, and that the reconventional demand is not necessarily connected with and incidental to the main, demand. The exception and motion to strike out were orally renewed by plaintiff on the trial of the case when defendant offered to introduce evidence in support of its reconventional demand.
 

 Mente & Co., Inc., also excepted to the re-conventional demand on the ground that, so far as it applied to shipments to the Arkansas State Rice Milling Company, it showed no cause of action.
 

 The court below sustained both exceptions and the motion to strike out and dismissed the reconventional demand. On the main demand, the court gave plaintiff judgment for $4,230.34, with interest and attorney fees. Defendant appealed.
 

 The sole question presented on this appeal is whether the court below erred in striking out and dismissing the reconventional demand.
 

 The ease as submitted for decision to the court below on the main demand involved plaintiff’s claim for $4,185.35 as the balance duo for 48,715 rice bags off written contract No. 460, dated April 24,1924, shipped by plaintiff to defendant, and plaintiff’s claim for $45 arising out a shortage in a shipment
 
 *479
 
 of secondhand bags from defendant
 
 to
 
 plaintiff.
 

 The Louisiana State Rice Milling Company alleged in its reconventional demand that for the rice milling season of 192A-25 it agreed to purchase from Mente
 
 &
 
 Co. one million rice bags under five separate contracts which are set forth. Reconvener also alleged that out of the bags shipped against the contracts 450,102 bags were defective, although the purchase price for the bags had been paid in full to plaintiff long prior to this ■suit, and is in no wise involved herein.
 

 The reconventional demand shows that ■only 50,000 of alleged defective bags were shipped from the contract of April 24, 1924, referred to in the main demand; and, as to these bags, which were shipped to the Arkansas State Rice Milling Company, the reconventional demand was dismissed on the-exception of no cause of action.
 

 The exception and the motion to strike -out the reconventional demand were properly sustained. Plaintiff and defendant are domiciled in the same parish, and the contracts on which the reconventional demand are based are not connected with or incidental to the contract on which the main demand is founded. Code Prac. art. 375; Oil City Iron Works v. S. Bender Supply Co., 147 La. 450, 85 So. 201.
 

 The court below also properly sustained the exception of no cause of action to that portion of the reconventional demand claiming damages 'for the 50,-000 alleged defective bags shipped under the contract of April 24, 1924, to the Arkansas State Rice Milling Company, the capital stock of which the reconvener claims to own, directly or indirectly.
 

 Reconvener alleged that, as to the purchase of the rice bags which were used in the Arkansas and Lonoke Mills, it acted'for the owner of the mills, the Arkansas State Rice Milling Company, and that, in view of reconvener’s ownership, directly or indirectly, of all the stock of the Arkansas State Rice Milling Company, reconvener had suffered as the ultimate loser all of the damages sustained by the Arkansas Rice Milling Company, and was entitled to recover damages not only for the defective rice bags delivered to its own mills, but also for the defective rice bags delivered to the mills of the Arkansas State Rice Milling Company.
 

 Corporations are intellectual beings different and distinct from all the persons who compose them. Civ. Code, art. 435.
 

 The rule of law is that a corporation continues to exist as a separate legal entity until legally dissolved, and the corporation and its stockholders are not one and the same, even though the number of stockholders be reduced to one person. Buckeye Cotton Oil Co. v. Amrhein, 168 La. 139, 121 So. 602.
 

 And a single shareholder or any number of shareholders, or the whole number, have not the right to sue in their own names or in the corporate name to recover damages to corporate property. Such action must be brought by and in the name of the corporation itself and not by the shareholders. Damages to a shareholder are too remote to be recovered by him for damages to the corporation. Mioton v. Del Corral, 132 La. 730, 61 So. 771.
 

 For the reasons assigned, the judgment appealed from is affirmed.