laWHIPPLE, Judge.
This case is before us on appeal from a judgment in favor of defendants, the Louisiana Riverboat Gaming Commission (Commis *1324 sion) and the Louisiana Riverboat Gaming Enforcement Division (Division), maintaining various peremptory exceptions filed by the parties and dismissing the petition of plaintiff, Capitol House Preservation Company, L.L.C. (Capitol House).[1] From this judgment, Capitol House appeals. We affirm.
FACTS AND PROCEDURAL HISTORY
On March 1, 1995, Capitol House filed a “Petition to Appeal the Decision of the Louisiana Riverboat Gaming Commission Affirming the Decision of the Louisiana Gaming Enforcement Division and/or Declaratory Judgment” in the Nineteenth Judicial District Court. Capitol House’s petition averred that Lady Luck Baton Rouge, Inc. (Lady Luck), a corporation in which Capitol House was a 38% shareholder, had been improperly denied a license to conduct gaming operations on a riverboat by the Division. The petition stated that on July 25,1994, in accordance with LSA-R.S. 4:547, Capitol House filed a notice of appeal of the licensing decision with the Commission and that on February 18, 1995, the Commission upheld the Division’s decision. Finally, Capitol House’s petition averred that on September 28, 1994 (after the filing of the notice of appeal with the Commission but prior to the Commission’s decision), Capitol House purchased 13the remaining 62% of the stock of Lady Luck, thereby acquiring full ownership of Lady Luck and becoming Lady Luck’s successor in interest.
In its appeal to the district court, Capitol House sought a declaration that certain rules promulgated by the Commission were not valid, particularly those dealing with applications, procedures and fees assessed for certain “certificates” of approval that were obtained from the Commission.[2] The petition also sought a declaration that certain actions taken by various members of the Commission were null and void due to statutory violations. Finally, Capitol House challenged the action of the Commission which affirmed the Division’s denial of a license to Lady Luck.
In response to the petition filed by Capitol House in district court, defendants filed peremptory exceptions pleading the objections of no cause of action, no right of action and prescription. Following a hearing held on May 30, 1995, the trial court maintained all exceptions and dismissed plaintiffs petition with prejudice. In oral reasons for judgment, the trial court stated:
With regards to the exception of no right of action, no cause of action, and prescription ... the court will grant the exceptions on the basis that Capitol House Preservation Company was not a person under [LSA-R.S. 4:547 and LSA-R.S. 4:548] who made the application and/or was adversely affected. I think that in the instance of this particular case, it would have to be the person whose application was denied. That is, Lady Luck of Baton Rouge, who will have to file the appeal. They would have the right of action. I do not think a minority stockholder is a person under [LSA-R.S. 4:547 andjjLSA-R.S. 4:548]. Because of that, the court is going *1325 to grant those three peremptory exceptions.
Capitol House appeals, contending that the trial court erred in concluding that it did not have a right of action as a “person adversely affected” by the decisions of the Commission and the Division as contemplated by LSA-R.S. 4:648 and LSA-R.S. 4:547(A). Capitol House further contends that the trial court erred in maintaining defendants’ peremptory exceptions pleading the objection of prescription.
While this case was pending before this court, the Louisiana legislature addressed the status of the various entities charged with oversight of gaming. By Act 7 of the First Extraordinary Session of 1996, the legislature enacted the provisions of LSA-R.S. 27:1 et seq., the Louisiana Gaming Control Law, which established the Louisiana Gaming Control Board. The Louisiana Gaming Control Law became effective on May 1, 1996. In accordance with its provisions, the Louisiana Gaming Control Board became the successor to both the Commission and the Division, and the Attorney General was designated to represent the Board in all legal proceedings. LSA-R.S. 27:19; LSA-R.S. 27:81. This legislation might have mooted some of the issues in this proceeding, except that the Louisiana Gaming Control Law also stated that any pending legal proceeding involving any of the prior entities was to continue in the name of the Board. LSA-R.S. 27:81(C). The legislation also transferred to the Board all administrative rules and regulations promulgated by the prior entities, which “shall be considered valid and remain in effect until repealed” by the Louisiana Gaming Control Board. LSA-R.S. 27:31(E). Accordingly, the issues appealed to this court are extant. See State of Louisiana, through the Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, pp. 4-5 (La.App. 1st Cir. 8/21/96); 682 So.2d 1323,1325.[3]
NO RIGHT OF ACTION
An action can only be brought by a person having a real and actual interest which he asserts. LSA-C.C.P. art. 681. Hence, the exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(5). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5 (La.11/30/94); 646 So.2d 885, 888. In the trial on the peremptory exception pleading the objection of no right of action, the allegations of fact in plaintiff’s petition must be taken as true in the absence of evidence to the contrary. Invest, Incorporated v. State, 247 So.2d 175, 177 (La.App. 1st Cir.1971).
The foregoing legal precepts outline the general rules governing standing. However, the Louisiana Riverboat Economic Development and Gaming Control Act, LSA-R.S. 4:501 et seq., sets forth its own standing requirements, and the provisions governing appeals of decisions of the Division and Commission are set forth in Part IX of the Act. LSA-R.S. 4:547(A) outlines the standing requirement for appealing orders of the Division, providing, in pertinent part, as follows:
A. Any person whose application for a license or permit has been denied by the division or any person adversely affected by an action, order, of decision of the division may appeal the action, order, or decision of the division to the commission by filing a notice of appeal with the commission within seven days |sof certified mailing notice of the action, order, or decision by the division....
The uncontroverted allegations of plaintiffs petition establish that at the time Capitol House filed a notice of appeal to the Commission, it was not the applicant. Instead, Capitol House was a 38% shareholder in Lady Luck, the applicant. Clearly, on *1326 July 24, 1994, Lady Luck had a “right of action” or right to appeal the Division’s denial of its application to the Commission, as Lady Luck was the applicant. However, Lady Luck did not file a notice of appeal with the Commission. Instead, the only notice of appeal filed within the statutory delays was filed by Capitol House. While Capitol House contends that it has a right to appeal the licensing decision of the Division as a “person adversely affected,” Capitol House has made no showing that it has been aggrieved in any manner different than that of Lady Luck, which chose not to appeal.
Under general corporate law principles, a corporation is an intellectual being, different and distinct from all the persons who compose it. Corporations must be given a name and it is in that name that they must sue or be sued and do all their legal acts. The corporation has the capacity to sue to enforce its rights in the corporate name. See LSA-R.S. 12:41; see also Richard v. Morgan, 433 So.2d 263, 264 (La.App. 1st Cir.), writ denied, 438 So.2d 1108 (La.1983). The rule of law is that a corporation continues to exist as a separate legal entity until legally dissolved, and the corporation and its stockholders are not one and the same, even though the number of stockholders be reduced to one person. Mente & Co. v. Louisiana State Rice Milling Co., 176 La. 476,146 So. 28 (1933). A single shareholder or any number of shareholders or the whole number of a corporation’s shareholders does not have the right to assert a claim that properly belongs to the 17corporation. Such action must be brought by and in the name of the corporation itself and not by the shareholders. See Mente, 146 So. at 29.
Based on these principles of corporate law, and even in light of the provisions of LSA-R.S. 4:547(A) which seemingly create a broader concept of standing to challenge actions of the Division, we cannot conclude that Capitol House, as a minority shareholder, had a right of action to challenge the Division’s denial of Lady Luck’s license application under the circumstances presented herein. The right to appeal that decision belonged to Lady Luck, the corporation/applicant which had been denied the license.
Capitol House argues on appeal that the standing requirements of the Riverboat Gaming Act are controlling and that these basic principles of corporate law are irrelevant to a ruling on the exception of no right of action at issue herein. However, we conclude that reading the standing provisions of LSA-R.S. 4:547(A) as broadly as suggested by appellant herein and without consideration of general corporate principles, would lead to absurd results. For example, under Capitol House’s interpretation, any minority shareholder would have a right of action to appeal the denial of a license to the corporate applicant even where the corporation itself, for whatever reason, abandoned its quest for a license.
Accordingly, for the above and foregoing reasons, and in the absence of any showing that Capitol House was the legal successor to Lady Luck’s interests at the time of the filing of the notice of appeal, we conclude that .Capitol House, as a minority shareholder at the time of the filing of a notice of appeal to the Commission, was not the applicant or a “person adversely affected” as contemplated by LSA-R.S. 4:547(A). Capitol House had no right of action to appeal the licensing decision of the Division to the Commission as that right of action belonged to the applicant herein, i.e. Lady Luck. Because Lady Luck failed |8to file a notice of appeal within the statutorily allowed seven day period, the licensing decision of the Division became final.[4]
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court, sustaining the Division and Commission’s peremptory exception raising the objection of no right of action, is hereby affirmed. All costs of this appeal are assessed against appellant, Capitol House Preservation Company, L.L.C.
AFFIRMED.
| iFITZSIMMONS, J., concurs and assigns reasons.

. The Division filed peremptory exceptions pleading the objections of no right of action and prescription. The Commission filed peremptory exceptions pleading the objections of no right of action and no cause of action. The trial court’s judgment states that the exceptions of no cause of action, no right of action and prescription filed by the Division and the exceptions of no cause of action and no right of action filed by the Commission were sustained. Because we find that the trial corut properly maintained the exception of no right of action, the propriety of the trial court's judgment sustaining the remaining exceptions will not be addressed.

. In a separate proceeding, the Commission instituted a suit for declaratory judgment naming the Division as a defendant. The suit sought a declaration that the Commission’s rules and regulations were valid. Lady Luck intervened and during the course of the proceedings, the trial court allowed Capitol House to be substituted for Lady Luck as its successor in interest. On September 28, 1995, the trial court held that all of the Commission rules which attempted to implement a certificate approval process were null, void and without effect. This Court affirmed the trial court's ruling in State of Louisiana, through the Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355 (La.App. 1st Cir. 8/21/96); 682 So.2d 1323. Insofar as Capitol House's petition herein contests the validity of the rules adopted by the Commission, our previous decision in appeal number 95-2355 renders that portion of Capitol House's claim moot.

. To maintain continuity in the reporting of the case, we have not re-designated the caption of this suit. We note that the Attorney General's Office has filed a brief on behalf of the State of Louisiana through the Louisiana Gaming Control Board.

. In light of our resolution of this issue, we find it unnecessary to address the trial court’s ruling regarding whether Capitol House had a right of action pursuant to LSA-R.S. 4:548 and the trial court’s ruling on the peremptory exceptions pleading the objections of no cause of action and prescription.