732 So.2d 1244 (1999)
George C. YARBROUGH, et al., Plaintiffs-Appellants,
v.
FEDERAL LAND BANK, et al., Defendants-Appellees.
No. 31,831-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*1245 Sturgeon & Boyd by John Sturgeon, Ferriday, Counsel for Appellants.
George M. Snelling, III, Counsel for Intervenor Appellee.
Phelps Dunbar by F. Scott Kaiser, Rebecca Crawford, Baton Rouge, Counsel for Appellee J. Burns Wright.
Samuel T. Singer, Winnsboro, Counsel for Appellee Clovis C. Bringol.
Cotton, Bolton, Hoychick & Doughty by John Hoychick, Jr., Rayville, Counsel for Appellee Dallas Thomason.
W. Brian Babin, Baton Rouge, Counsel for Appellee Mary D. Bruner.
Blanchard, Walker, O'Quinn & Roberts by John T. Cox, Jr., Shreveport, Counsel for Appellee Old Republic Ins. Co.
Leake & Anderson by George D. Fagan, New Orleans, Counsel for Appellee National Union Fire Ins. Co. of Pittsburgh, Pa.
Hulse & Wanek by Joseph G. Gallagher, Jr., New Orleans, Counsel for Appellee Harbor Ins. Co.
Theus, Grisham, Davis & Leigh by Phillip D. Myers, Monroe, Counsel for Appellee Liberty Mutual Ins. Co.
Charles C. Trascher, III, Monroe, A. Stephen Cox, Counsel for Appellee Fireman's Fund Ins. Co.
Steven E. Soileau, Shreveport, Counsel for Appellee U.S. Fire Ins. Co.
Joseph D. Cascio, Jr., Monroe, Counsel for Appellee Federal Land Bank of Jackson.
Stephen L. Williamson, New Orleans, Counsel for Appellee First State Ins. Co.
Paul D. Palermo, Metairie, Counsel for Appellee Industrial Indemnity of Hawaii.
Before WILLIAMS, STEWART and KOSTELKA, JJ.
STEWART, J.
This suit arises out of the plaintiffs' allegation that the defendants are liable for tortious interference with George C. Yarbrough's contractual right of first refusal on property he dationed back to the Federal Land Bank of Jackson, Fifth Judicial District court, Parish of Richland, the Honorable Glen W. Strong, presiding. The plaintiffs now appeal the trial court judgment granting a Motion for Partial Summary Judgment dismissing the plaintiffs' claims for any damages after the date of death of George C. Yarbrough, and dismissing the plaintiffs' survival action claims for damages accruing after June 7, 1989 and granting the Peremptory Exception of No Right of Action on the grounds that the plaintiffs' have no right of action to claim any damages suffered by YG & E, Inc. for lost profits from the gin facility. We affirm.

*1246 FACTS
The plaintiffs' allege that the defendants, J. Burns Wright, Dallas Thomason, Clovis "Dick" Bringol and the Estate of Warner Bruner are liable for tortious interference with George C. Yarbrough's contractual right of first refusal on property he dationed back to the Federal Land Bank of Jackson ("the Bank")[1]. The Yarbrough dation included approximately 8200 acres of land accepted by the Bank in satisfaction of more than $13,000,000.00 of debt Yarbrough owed on outstanding loans. On March 20, 1985, George and Theresa Yarbrough entered into a contract lease which contained a right of first refusal to purchase 2662 acres of farmland and a cotton gin from the Bank. The lease was set to expire of its own terms on January 10, 1986.
George Yarbrough ("Yarbrough") was granted the right of first refusal to purchase a portion of the property that he formerly owned if the Bank decided to sell it to a third party on the same terms as were offered to a third party. The Bank advised Yarbrough that it had received an acceptable offer for the cotton gin. Yarbrough exercised the right of first refusal on the cotton gin in July of 1985.
As to the remaining property, Yarbrough received no notice of any additional offers before the lease terminated. Nonetheless, Yarbrough suspected that the Bank had received but had not notified him of other offers on the remaining property. Subsequently, on August 4, 1986, Yarbrough filed suit against the Bank, contending that the Bank had no intention of honoring his right of first refusal and sought damages for lost gin profits from the gin facility due to the failure of the Bank to honor Yarbrough's right of first refusal.

PROCEDURAL HISTORY
George Yarbrough died on June 7, 1989. On May 1990, his estate, his widow and James Arthur Goode, the Dative Testamentary Executor of the Succession of George C. Yarbrough, were substituted as plaintiffs and filed an amended and supplemental petition increasing the demand for damages. The petition joined as defendants several individual officers and directors of the Bank, namely J. Burns Wright, Dallas Thomason, Clovis "Dick" Bringol and Warner Bruner.[2]
In subsequent petitions filed by the plaintiffs, Old Republic Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Harbor Insurance Company and Liberty Mutual Insurance Company were named as defendants.[3]
On September 19, 1997, the defendants filed a Peremptory Exception of No Right of Action against the plaintiffs' claim for damages allegedly incurred by Yarbrough Gin and Elevator Company, Inc. ("YG & E, Inc."). On May 5, 1998, the trial court rendered judgement granting the Peremptory Exception of No Right of Action on the grounds that the plaintiffs' have no right of action to claim any damages suffered by YG & E, Inc. and dismissed the claim for damages as a final judgment, with prejudice.
*1247 On May 23, 1997, a Motion for Summary Judgment was filed by defendant, Dallas Thomason ("Thomason"). The trial court rendered judgment on April 6, 1998 granting the motion and dismissing, with prejudice, the plaintiffs' action against Thomason. The trial court found that the affidavits and depositions filed in the record did not prove that Thomason had actual knowledge of the right of first refusal until approximately eighteen days after the right of first refusal expired, that Thomason was a director of the Rayville Association with limited authority and no authority to foreclose on any debtors, compromise claims by dation or grant farm leases on Bank owned property.
Then on June 1997, the defendants filed a Motion for Summary Judgment and a Motion for Partial Summary Judgment seeking summary judgment on the grounds that the claims of Mrs. Theresa Yarbrough and the survival action on behalf of George C. Yarbrough have prescribed and alternatively, for partial summary judgment dismissing all claims made for damages after the date of death of Yarbrough.
The trial court denied the Motion for Summary Judgment with respect to the claims of Mrs. Theresa Yarbrough having prescribed. The trial court found that Mrs. Theresa Yarbrough filed a claim for survival action less than one year after the death of George C. Yarbrough, therefore, her claim has not prescribed.[4]
However, the trial court granted the Motion for Partial Summary Judgment dismissing the plaintiffs' claims for any damages after the date of death of George C. Yarbrough, June 7, 1989 and dismissed, as a final judgment with prejudice, the plaintiffs' survival action claims for damages accruing after June 7, 1989. The trial court found that courts have interpreted La. Civ.Code Art. 2315.1 as meaning, "Survival action comes into existence simultaneously with existence of a tort and is transmitted to beneficiaries upon victim's death and permits recovery only for damages suffered by victim from time of injury to moment of death ..." Therefore, plaintiffs' will be able to assert a claim for damages for survival actions only through the date of death of Yarbrough.[5]
On March 29, 1999, a Joint Motion to Dismiss Partial Appeal as it relates to Harbor Insurance was filed with this court. Theresa Helen Yarbrough and James Arthur Goode have compromised and settled their claims with Harbor Insurance Company. The appeal as to all other parties will proceed and appellants expressly reserve their rights on appeal as to all other parties.
The plaintiffs now appeal urging two assignments of error. We affirm.

LAW
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2). After adequate discovery or after a case is set for trial, a motion which *1248 shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). The burden of proof remains with the mover. Art. 966 C(2). Appellate review of summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of the judgment. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152.
After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). The burden of proof remains with the mover. Art. 966 C(2). However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. La. C.C.P. art. 967; Simoneaux v. E.I. du Punt de Nemours & Co., 483 So.2d 908 (La.1986); Berzas v. OXY USA Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149.

SURVIVAL ACTION
In the plaintiffs' first assignment of error, the plaintiffs urge that the trial court erred in granting the Motion for Partial Summary Judgment dismissing the plaintiffs' claim for any damages after the date of death of George C. Yarbrough, June 7, 1989 and dismissed, as a final judgment with prejudice, the plaintiffs' survival action claims for damages accruing after June 7, 1989. The plaintiffs' further urge that the damages due Theresa Yarbrough in any capacity, whether as plaintiff in her own right or as a survival action plaintiff, are not subject to any limitation which may arise because of the inheritance and assertion of a survival action.
To support their position, the plaintiffs' contend that the language in La. Civ.Code Art. 2315.1 and Guidry v. Theriot, 377 So.2d 319 (La.1979), "beneficiaries are given the right to recover the damages which the victim suffered and would have been entitled to recover from the tortfeasor, if the victim had lived," refers to economic damages which are attributable to the period following the death of Yarbrough. This language, the plaintiffs' contend, is comparable to a bodily injury plaintiff who dies and is still entitled to recover for loss of future wages past the date of death.
The defendants argue that the trial court properly granted partial summary judgment barring any claim for damages past June 7, 1989, the date of Yarbrough's death, in accordance with La. Civ.Code Art. 2315.1. The defendants further argue that it is well settled under Louisiana law that the only claim which may be brought against a director or an officer of a corporation is for intentional interference with contractual relations, and such a claim is a tort claim. Because Yarbrough died on June 7, 1989, Louisiana law limits the recovery of damages on the part of any person who brings a survival action to those damages which had accrued as of the date of death of the deceased plaintiff. The recoverable damages for any survival action which may exist on behalf of the heirs or successors of Yarbrough abated as of the date of his death.
When a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. La. C.C.P. art. 967; Berzas v. OXY USA Inc., supra. In the instant case, the plaintiffs' failed to produce factual support for their allegations in their rebuttal to the motion for summary judgment or set forth evidence that would demonstrate that there is a genuine issue for trial.
*1249 Louisiana courts have interpreted La. Civ.Code Art. 2315.1 as meaning, "Survival action comes into existence simultaneously with existence of tort and is transmitted to beneficiaries upon victim's death and permits recovery only for damages suffered by victim from time of injury to moment of death ..." Therefore, we find that the trial court correctly granted the motions for summary judgment.

NO RIGHT OF ACTION TO RECOVER GIN PROFITS
In the plaintiffs' second assignment of error, the plaintiffs' urge that the trial court erred in granting the Peremptory Exception of No Right of Action on the grounds that the plaintiffs' have no right of action to claim any damages suffered by YG & E, Inc. and dismissing the claim for damages as a final judgment, with prejudice. The plaintiffs' sought damages for lost profits from the gin facility due to the failure of the Bank to honor Yarbrough's right of first refusal.
The plaintiffs' contend that because the bank failed to honor the right of first refusal on the 2662 acres of farmland, the Yarbrough's were deprived of sufficient land to produce cotton to gin, resulting in a loss of profits. The plaintiffs' further contend that the Yarbrough's were the sole shareholders of YG & E, Inc., evidenced by a document entitled "Transfer of Assets of Stock," executed on June 3, 1989, transferring the gin property to YG & E, Inc. in exchange for 750 shares of $300 par value common stock in the Subchapter S corporation for liability purposes. The cotton gin property was titled in the name of George and Theresa Yarbrough. They personally borrowed the money from Peoples Homestead to buy the gin. The damages had been set out by the filing of the suit on August 4, 1986. The Yarbrough's are entitled to the damages of the loss of value of their stock in the corporation which is directly related to the loss of income to the gin.
The defendants argue that the Yarbrough's did not own the gin facility during the time period for which the plaintiffs' are seeking damages, and that the plaintiffs' have no right to assert a claim relating to loss of potential cotton gin profits because the gin facility was bought by the corporation, YG & E, Inc., which is not a party to the suit. The document executed by the plaintiffs' entitled "Transfer of Assets of Stock" establishes that George C. Yarbrough did not buy the gin property back from the bank in his own name, that when he acquired the gin property back from the bank on July 15, 1985, it was "for the purpose of contributing it to the transferee, YG & E, Inc., for use in transferees' business." The "Transfer of Assets of Stock" document set forth that, "[I]t was the parties intention in 1985 that the property be transferred and it has always been their belief that the immovable property was owned by the transferee [YG & E, Inc.] and that the appropriate documents evidencing the transfer had been recorded on the public records in 1985." Furthermore, deposition testimony reveals that the Yarbroughs transferred all stock they owned in YG & E, Inc. to a series of trusts set up for their grandchildren in 1990. These trusts sold the stock to a cooperative of cotton farmers, Deer Creek Gin, Inc. in 1992.
The defendants further argue that the Yarbroughs, mere stockholders in the gin, have no right to seek lost gin profits in their individual capacity. YG & E, Inc. was a separate corporation which owned the gin and any alleged right to sue for lost gin profits. Therefore, the trial court was correct in granting the Peremptory Exception of No Right of Action on the grounds that the plaintiffs' have no right of action to claim any damages suffered by YG & E, Inc. and dismissing the claim for damages as a final judgment.
Following a thorough review of the record, we find that the trial court correctly sustained the partial peremptory exception of no right of action against the *1250 plaintiffs' claim to recover loss gin profits in their individual capacity. The debts and obligations due to a corporation are not due to the individuals who compose its membership. The estates and rights of a corporation belong exclusively to the corporation and not to its members. Union Local P-1476 of Amalgamated Meatcutters and Butcher Workmen of North America v. Union Citizens Club of Terrebonne Parish, 408 So.2d 371, 373 (La.App. 1 Cir.1981). Therefore, if a corporation has sustained a loss then only that corporation can sue to recover it. Joe Conte Toyota v. Toyota Motor Sales, 689 So.2d 650, 654 (La.App. 4th Cir.1977).

CONCLUSION
For the above reasons, we find the trial court's judgments to be supported by the record on appeal. The judgments of the trial court are therefore affirmed.
AFFIRMED.
NOTES
[1] This land originally was mortgaged to the Federal Land Bank in connection with various loans and transactions which Yarbrough had made with the Federal Land Bank of New Orleans through the Federal Land Bank Associations of Alexandria and Rayville, Louisiana.

The Federal Land Banks in Jackson, Alexandria and Rayville were subsequently placed in receivership and had undergone a merger into Federal Land Bank Associations.
[2] Bruner died during the pendency of the litigation and his estate was substituted as a party defendant. Bruner's estate filed exceptions of no cause of action and prescription, which were granted by the trial court but reversed by this court in, Yarbrough v. Federal Land Bank Ass'n of Jackson, 616 So.2d 1327 (La.App. 2 Cir.1993)
[3] Old Republic Insurance Company, National Union Fire Insurance Company, and Harbor Insurance Company issued polices providing director and officer liability insurance.
[4] On June 5, 1998, the defendants filed a writ application with this court from the trial court's denial of the prescription defense relating to Theresa Yarbrough's individual tort clams. See, Second Circuit Docket No. 31498-CW. This court denied the writ application by a 2-1 vote on July 16, 1998. On August 11, 1998, the defendants filed a writ application with the Louisiana Supreme Court on the prescription issue and as of the date of this brief no action had been taken by the Louisiana Supreme Court.
[5] The trial court further dismissed, as a final judgment with prejudice, the action of James Arthur Goode as Dative Testamentary Executor of the Succession of George C. Yarbrough, insofar as it purports to maintain a survival action, as failing to state a right of action. In accordance with La. Civ.Code Art. 2315.1, the trial court reasoned that the succession representative who is not himself a priority legal successor is not a proper party plaintiff to substitute for a decedent where there are legal successors who survive the decedent, as there were in this case.