811 So.2d 222 (2002)
CATFISH CABIN OF MONROE, INC., James Hearn, Russell Hearn and H. David Hearn, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY and Anthony Sims, Defendants-Appellees.
No. 35,710-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
*223 Street & Street, by C. Daniel Street, for Appellants.
Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P. by Wayne J. Lee, Joseph A. Aluise, for Appellee, State Farm Fire & Casualty Company.
Theus, Grisham, Davis & Leigh, L.L.P. by Robert J. Bozeman, Hallack Law Firm by William Henry Hallack, Jr., Monroe, for Appellee, Anthony Sims.
Before NORRIS, STEWART & PEATROSS, JJ.
PEATROSS, J.
Plaintiffs, Catfish Cabin of Monroe, Inc. ("Catfish Cabin") and its three shareholders, James Hearn, Russell Hearn and H. David Hearn ("the Hearns"), appeal the judgment of the trial court sustaining Defendant's, State Farm Fire and Casualty ("State Farm"), peremptory exception of no right of action. For the reasons stated herein, we affirm.

FACTS
On December 13, 1999, a group of employees of State Farm ate at Catfish Cabin of Monroe, Inc., a seafood restaurant. Thereafter, some of the employees allegedly *224 became ill and Anthony Sims ("Sims"),[1] an employee of State Farm, sent an e-mail message on that day which stated:
Hey guys,
Got word today that a particular unit from State Farm went to the `Catfish Cabin' on Louisville for a unit lunch. By the time they got back to work they were all vomiting and one passed out. An ambulance had to come pick up several of them and take them to the ER. A manager of one of the divisions told us that it takes at the very least two to three hours for the very worst food poisoning to take that kind of effect.
They think someone intentionally poisoned the food. Just wanted to make you guys aware. If you've heard anything else let me know!!
Thanks
Anthony
A report was made to the local health department which inspected the restaurant later that day and again on the following day. No contaminants were found.
On November 16, 2000, Plaintiffs filed suit against State Farm and Sims for defamation. Catfish Cabin claimed that it lost business and the Hearns, as shareholders of Catfish Cabin, claimed that they suffered mental anguish and embarrassment as a result of the alleged defamatory email.
State Farm filed peremptory exceptions of no cause of action and no right of action against the Hearns. The trial court overruled the exception of no cause of action, but sustained the exception of no right of action.

ARGUMENT
The Hearns' sole argument on appeal is that they personally have a right of action against State Farm for allegedly publishing the alleged defamatory statement. "A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation...." McConathy v. Ungar, 33,368 (La.App.2d Cir.8/23/00), 765 So.2d 1214, writ denied, 00-2678 (La.11/17/00), 774 So.2d 982. The Hearns claimed that they suffered mental anguish and embarrassment, but State Farm filed a peremptory exception of no right of action.
A peremptory exception of no right of action tests whether the plaintiff has the capacity or legal interest in judicially enforcing the right asserted. La. C.C.P. art. 927 A(5); In Re Ewing, 34,413 (La.App.2d Cir.3/2/01), 781 So.2d 885; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The essential function of that exception is to provide a threshold device which terminates suits brought by one who has no interest in enforcing judicially the right asserted and it tests whether the plaintiff, as a matter of law, has an interest in and the capacity to judicially enforce the claim. In Re Ewing, supra. We, therefore, must determine whether or not the Hearns have a right of action under the factual circumstances of this case.[2]
*225 The petition alleges that Sims' e-mail stated that "someone" intentionally poisoned the food and that the Hearns suffered mental anguish and embarrassment as a result of that statement. We also consider the evidence adduced at the hearing of the peremptory exception of no right of action because "evidence may be introduced to support or controvert any of the objections pleaded...." La. C.C.P. art. 931.
Catfish Cabin of Monroe, Inc. is a closely held corporation and the Hearns are its shareholders. "The personality of a [corporation] is distinct from that of its members." La. C.C. art. 24. The rights of a corporation belong exclusively to the corporation, and only the corporation, not its members, may sue to recover any damages that it has sustained. See Yarbrough v. Federal Land Bank, 31,831 (La.App.2d Cir.5/5/99), 732 So.2d 1244. Accordingly, "[s]hareholders and officers of a corporation... do not have a personal right to sue in Louisiana to recover for acts committed against ... the corporation." Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630 (La.App. 4th Cir.2/12/97), 689 So.2d 650, writ denied, 97-0659 (La.4/25/97), 692 So.2d 1090. Since the Hearns are shareholders of Catfish Cabin, they consequently have no right to sue for its alleged damages.
We note again that the e-mail stated that "someone intentionally poisoned the food." The Hearns, however, only argue that they are Catfish Cabin, without alleging that "someone" refers to them personally or as shareholders. Assuming, arguendo, that "someone" refers to an employee, shareholder or other person at Catfish Cabin, the person to whom the word "someone" is directed would have to be the plaintiff.
The Hearns argue that Louisiana recognizes group defamation; that is, "when a small group is defamed, an individual member may establish a cause of action for defamation even though he is not specifically named or identified." McConathy, supra, citing Levert v. Daily States Pub. Co., 123 La. 594, 49 So. 206 (1909). In Levert, supra, however, the court found that defamatory statements referred to every member of the group and that every member of the group had a right of action.
In order to maintain a right of action, the word "someone" must refer to James Hearn, Russell Hearn and David Hearn. "[T]o be actionable defamatory words must be `of and concerning' the plaintiff or, directly or indirectly, cast a personal reflection on the plaintiff." Gugliuzza, et al. v. K.C.M.C., Inc., et al., 606 So.2d 790 (La.1992). "The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff." McConathy, supra. Furthermore, "[i]f the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory...." McConathy, supra.
The testimony in this case reveals that approximately 12 to 15 employees were present at Catfish Cabin during lunch on December 13, 1999, and that 35 to 38 employees were employed by Catfish Cabin at that time. The testimony further reveals that all employees had access to the food. Since the word "someone" is singular, and only refers to one person in a group ranging from 35 to 38 people, as opposed to Levert, supra, where every member of the group had been defamed, we conclude that the individual or group allegedly defamed is not ascertainable; and, therefore, the Hearns have no right of action in this case. The e-mail was not "of and concerning" the Hearns and it did not directly or indirectly cast a personal reflection on them.

*226 CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court sustaining the peremptory exception of no right of action against James Hearn, Russell Hearn and H. David Hearn. Costs are assessed to James Hearn, Russell Hearn and H. David Hearn.
AFFIRMED.
NOTES
[1] Although Mr. Sims is a named defendant in this suit, he is not a party to this appeal. He did not file a brief in this court and there is no evidence in the record showing that he filed an answer to the suit.
[2] Plaintiffs did not allege in their petition, but argued, at the hearing of the peremptory exception of no right of action, that they are Catfish Cabin. We find no merit in that argument.