JAMES F. McKAY III, Judge.
| fin this action, which involves a dispute over a lease, the plaintiffs, American Wholesale Fence Company, Inc., Michael L. Brown and William C. Pritchard, appeal the trial court’s granting of exceptions of no cause of action and prescription in favor of the defendants, Marion VanDenburgh Pritchard and the Orleans Parish Levee District. We affirm.
FACTS AND PROCEDURAL HISTORY
In 1972, Peter A.G. VanDenburgh, acting on behalf of American Wholesale Fence Company, Inc. (AWFC), leased Boathouse N-33 from the Orleans Parish Levee District. Mr. VanDenburgh passed away in 1987, and upon his death his interest in AWFC passed to his daughter, Marion, who continued to operate and control the company. At some point, Marion married William C. Pritchard; they later divorced. However, prior to the divorce, Mr. and Ms. Pritchard and Michael L. Brown all signed an agreement that they were equal owners of AWFC.
In late 1991, before the lease on the boathouse lapsed, Ms. Pritchard approached the Levee District in accordance with the lease terms and requested | fihat the Levee District allow the assignment of the lease from AWFC to her. The Levee District agreed to this and on December 20, 1991, it entered into an amended lease naming Ms. Pritchard as the lessee. Thereafter, Ms. Pritchard paid the boathouse rent and insurance premiums from her personal account. For the next fifteen years, she also paid the tax assessments.
In October of 2008, Mr. Brown and Mr. Pritchard, through AWFC, filed suit against Ms. Pritchard and the Levee District seeking a writ of mandamus directing the Levee District to cancel the lease with Ms. Pritchard and also directing the Levee *707 District to renew the lease agreement in the name of AWFC as the lessee. Both Ms. Pritchard and the Levee District raised peremptory exceptions of no cause of action and prescription. In August of 2009, the trial court sustained the exceptions and dismissed the plaintiffs’ petition without prejudice. Thereafter, AWFC filed a motion for leave of court to file an amended, supplemental, and restated petition for petitory action and declaratory judgment. The trial court granted leave to file the amended petition.
The amended, supplemental and restated petition sought that the trial court declare the following: the transfer of the boathouse and/or the lease agreement into Ms. Pritchard’s name was void ab initio; that AWFC is the proper owner and/or proper lessee on the lease agreement; and that AWFC is the proper owner of the boathouse, as well as any other equitable relief the court deemed appropriate. Ms. Pritchard raised the peremptory exceptions of no cause of action and prescription. On January 12, 2010, the trial court sustained her exception of no cause of action |sbut granted the plaintiffs thirty (30) days to amend their petition. The plaintiffs then filed their second amended, supplemental and restated petition for declaratory judgment. Ms. Pritchard again filed an exception of prescription which the trial court granted and dismissed the case with prejudice on April 13, 2010. The plaintiffs now appeal.
DISCUSSION
On appeal, the plaintiffs raise the following assignments of error: 1) did the trial court err in finding that AWFC did not assert a cause of action for a writ of mandamus seeking invalidation of the transfer and with the issuance of a writ of mandamus to the Levee District to name AWFC as the proper lessee; 2) did the trial court err in granting the defendant/appellee Pritchard’s exception of no cause of action as to the petitory action; and 3) did the trial court err in granting defendant/appellant Pritchard’s exception of prescription as to the petition for declaratory judgment?

Mandamus

In their first assignment of error, the plaintiffs contend that the trial court erred in finding that the plaintiffs had no cause of action for a writ of mandamus seeking invalidation of the transfer of the lease or for the issuance of a mandamus to the Levee District to name AWFC as the proper lessee. This judgment was rendered on August 6, 2009 and a notice of judgment was issued on August 17, 2009. However, the plaintiffs did not appeal this judgment until May 7, 2010. Clearly, the appeal of this judgment is untimely. See La. C.C.P. art. 2087. |4Accordingly, the plaintiffs’ first assignment of error is not properly before this Court.

Petitory Action

In their second assignment of error, the plaintiffs contend that the trial court erred in finding that they had no cause of action as to the petitory action. This judgment was rendered on January 12, 2010 and a notice of judgment was issued on January 19, 2010. This was an interlocutory judgment which afforded the plaintiffs an opportunity to amend within thirty (30) days. The plaintiffs filed an amendment on February 11, 2010. Therefore, the matter then became moot. In any event, the plaintiffs did not appeal this judgment until May 7, 2010, which also makes it untimely. See La. C.C.P. art. 2087.

Prescription

In their final assignment of error, the plaintiffs contend that the trial court erred in finding that their claims against Ms. Pritchard had prescribed. This judg *708 ment was rendered on April 13, 2010 and was timely appealed.
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Katz v. Allstate Ins. Co., 2004-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444. When evidence is received on the trial of the exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard. Id. Louisiana law provides no prescriptive period specifically applicable to a declaratory judgment action. | ^Instead, courts must look to the cause of action that forms the underlying basis of the request in determining which prescriptive period applies, dela Vergne v. dela Vergne, 99-0364, p. 8 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275.
In the instant case, AWFC’s underlying claim sounds in tort for breach of fiduciary duty or fraud. These offenses have a li-berative prescriptive period of one year, which commences to run when the other party has knowledge of the wrongful act. See La. C.C. art. 3492; see also La. R.S. 12:1502.
Based on the record before this Court, we know that on June 14,1996, Mr. Pritch-ard obtained records from the Levee District showing that Ms. Pritchard had had the boathouse lease changed into her name as lessee. We also know that on June 9, 1997, Mr. Pritchard listed the boathouse as community property in his sworn descriptive list in connection with his divorce from Ms. Pritchard. Mr. Pritchard had knowledge of Ms. Pritchard’s alleged wrongful act on these dates. Accordingly, the one year prescriptive period began to run on June 14, 1996 or June 9, 1997 at the latest.
On November 10, 2003, Mr. Pritchard and Mr. Brown obtained a judgment recognizing them as co-equal owners of AWFC. Therefore, at this time, Mr. Pritchard and Mr. Brown, jointly, as sole officers of AWFC had actual knowledge that Ms. Pritchard had purloined the lease. However, they did not file suit until October of 2008. This is more than one year after having actual knowledge of what Ms. Pritchard did back in 1991. Their action against Ms. Pritchard had clearly prescribed.
^CONCLUSION
The plaintiffs’ appeal of the judgments for no cause of action regarding both the mandamus and petitory actions is untimely. There is no error in the trial court’s maintaining of the defendant’s exception of prescription. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, J., concurs in part and dissents in part with reasons.
KIRBY, J., concurs in part and dissents in part for the reasons assigned by Judge JONES.