STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-710

SUCCESSION OF ROBERT LEE POTEET

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 64,770
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret,
Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

**William Daniel Dyess**
**James E. Calhoun**
**Dyess Law Firm, LLC**
**207 Church Street**
**Natchitoches, LA 71457**
**(318) 256-5667**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Renee Bumpus**

**D. Gene Taylor III**
**Bradley Loy Drell**
**Gold Law Firm**
**P.O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Symone M. Poteet**
**Succession of Robert Lee Poteet**

**EZELL, Judge.**

Renee Bumpus appeals the decision of the trial court below granting the exceptions of no right of action, no cause of action, and prescription filed by Symone Poteet and the Succession of Robert Lee Poteet. For the following reasons, we hereby reverse the decision of the trial court in part, and, affirm in part.

Karen Poteet Bumpus and her brother, Robert Poteet, were co-owners of a closely-held corporation, Triple R Development, Inc., which they inherited from their parents. Mr. Poteet died in February of 2012, and his succession was administered by his daughter, Symone Poteet. In August of 2015, over three years after the passing of her brother, Mrs. Bumpus filed a rule alleging that Mr. Poteet had misappropriated property and funds of the corporation, seeking to be declared the sole owner of the business. Ms. Poteet filed several exceptions, including an exception of no cause of action, an exception of no right of action, and an exception of prescription. The trial court granted all exceptions and dismissed the suit at Mrs. Bumpus' costs. From that decision, Mrs. Bumpus appeals.

On appeal, Mrs. Bumpus asserts three assignments of error. She claims that the trial court erred in granting the exception of no cause of action, that the trial court erred in granting the exception of no right of action, and in granting the exception of prescription.

*No Cause of Action*

Mrs. Bumpus first claims that the trial court erred in granting the Poteet exception of no cause of action. We agree.

An appellate court's "standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law." *Hebert v. Shelton*, 08-1275, p. 3 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197, 1201.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.

*Id*. at 1202 (quoting *Kinchen v. Livingston Parish Council*, 07–478, p. 2 (La. 10/16/07), 967 So.2d 1137, 1138) (alteration in original). "All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff." *City of New Orleans v. Bd. of Dirs. of La. State Museum*, 98-1170, p. 9 (La. 3/2/99), 739 So.2d 748, 755. "Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Fink v. Bryant*, 01-987, p. 4 (La. 11/28/01), 801 So.2d 346, 349.

Louisiana Code of Civil Procedure Article 734 states:

> Except as otherwise provided by law, including but not limited to Articles 2641 and 2674, the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

Accordingly, in order to have a cause of action against the succession of Mr. Poteet, Mrs. Bumpus would need to name the succession representative in her suit. She did. In her rule for declaratory relief, Mrs. Bumpus names both the succession and Ms. Poteet, who is, in fact, the succession representative. While Mrs. Bumpus did not specifically state that the action was taken against Ms. Poteet in her capacity as representative, La.Code Civ.P. art. 855 states:

2

It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception.

Mrs. Bumpus, while not meticulous in her execution, did file suit against the indispensable succession representative in this matter. Making all reasonable inferences in favor of Mrs. Bumpus, the trial court should not have granted the Poteet exception of no cause of action.

*No Right of Action*

Mrs. Bumpus next claims that the trial court erred in granting the exception of no right of action. We disagree.

Only a person having a real and actual interest to assert may bring an action. La. C.C.P. art. 681. The peremptory exception of no right of action tests whether the plaintiff has a legal interest in judicially enforcing the right asserted. La. C.C.P. art. 927(A)(6); *Catfish Cabin of Monroe, Inc. v. State Farm Fire & Cas. Co.*, 35,710 (La.App. 2d Cir.2/27/02), 811 So.2d 222. It questions whether a plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n.*, 94-2015 (La.11/30/94), 646 So.2d 885. Whether a plaintiff has a right of action is a question of law that is subject to *de novo* review on appeal. *Waggoner v. America First Ins.*, 42,863 (La.App. 2d Cir.1/16/08), 975 So.2d 110.

The personality of a corporation is distinct from its members. La. C.C. art. 24. Only the corporation, not its members, may sue to recover any damages it has sustained. *Catfish Cabin, supra; Yarbrough v. Federal Land Bank*, 31,831 (La.App. 2d Cir.5/5/99), 732 So.2d 1244. A shareholder has no separate or individual right of action against third persons for wrongs committed against or damaging to the corporation. *Glod v. Baker*, 2002-988 (La.App. 3d Cir.8/6/03), 851 So.2d 1255, *writ denied*, 2003-2482 (La.11/26/03), 860 So.2d 1135. This same rule applies even where one person may be the sole shareholder. *Id., citing Mente & Company v. Louisiana State Rice Milling Co.*, 176 La. 476, 146 So. 28 (1933). A person who does business in corporate form and reaps the benefits of incorporation cannot sue individually for damages incurred by the corporation. *Glod, supra.*

3

*Taylor v. Dowling Gosslee & Assocs., Inc*., 44,654, pp. 9-10 (La.App. 2 Cir. 10/7/09), 22 So.3d 246, 253-54, *writ denied*, 09-2420 (La. 2/5/10), 27 So.3d 299.

The rule that a right of action for mismanagement or fraud that causes a loss to a corporation may only be asserted secondarily by a shareholder via a shareholder's derivative suit has been consistently followed in this circuit. *Glod v. Baker*, 02-988 (La.App. 3d Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135.

In her rule, Mrs. Bumpus alleges that Mr. Poteet "took money, converted property, and otherwise misappropriated property belonging to Triple R Development," as well as making "inappropriate expenditures/disbursals and the taking of the property of the company." She further claims that Mr. Poteet "caused the company, Triple R Development, Inc. to incur tax penalties due to the non-filing of taxes, further devaluing the company." Accepting her allegations as true, the only conduct she complains of in her rule is conduct causing harm to the corporation itself, rather than to her individually. Shareholders cannot sue in their own name to recover damages to corporate property. *Mente & Company v. Louisiana State Rice Milling Co*., 176 La. 476, 146 So. 28 (1933). Because the losses sued for were losses sustained solely by the corporation, the only remedy Mrs. Bumpus had was through a shareholder's derivative suit. That is not, however, what she filed. As she had no right to bring an action individually for corporate harm and her rule states no claims for an individual action, the trial court was correct in granting the exception of no right of action.

*Exception of Prescription*

Finally, Mrs. Bumpus claims that the trial court erred in granting the Poteet exception of prescription. Again, we disagree.

4

Prescription commences when a plaintiff, who claims involvement in a business organization, gains actual or constructive knowledge of the wrongful act. La.R.S. 12:1502(D); *Brown v. Schreiner*, 10-1436 (La.App. 4 Cir. 11/9/11), 81 So.3d 705. Constructive notice exists when a party has information sufficient to motivate curiosity and attention or place a reasonable person on guard to call for inquiry. *Scranton v. Ashley Ann Energy, L.L.C.*, 46,984 (La.App. 2d Cir. 4/11/12), 91 So.3d 1174, *writ denied*, 12-1345 (La. 9/28/12), 98 So.3d 846.

Ordinarily, the party who asserts the peremptory exception of prescription bears the burden of proof at the trial on the exception. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261; *Scranton,* 91 So.3d 1174. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to prove that the action has not prescribed. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84.

Louisiana Revised Statutes 12:1502 provides the applicable prescriptive periods for actions against persons controlling a business organization and states, in pertinent part (emphasis ours):

> A. The provisions of this Section shall apply to all business organizations formed under the laws of this state and shall be applicable to actions against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated. The provisions of this Section shall not apply to actions governed by R.S. 12:1-622, 1-833, 1-1407, or 1328(C).

> . . . .

> C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or

5

neglect is discovered or should have been discovered, **but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect**.

D. No action for damages against any person listed in Subsection A of this Section for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered, **but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission**.

It is clear that this statute applies to corporations such as Triple R Development and to Mr. Poteet, as a shareholder and member/officer. Mrs. Bumpus' rule for declaratory relief alleged that Mr. Poteet "took money, converted property, and otherwise misappropriated property belonging to Triple R Development," as well as made "inappropriate expenditures/disbursals" over a period of time. As alleged intentional misdeeds, under La.R.S. 12:1502(D), Mrs. Bumpus would have had two years from the date of the alleged act or omission to file suit, unless more than three years from the date of the alleged act had passed. Here, more than three years had unquestionably passed since any action whatsoever was taken on the part of Mr. Poteet, let alone the alleged misconduct.

While Mrs. Bumpus makes no allegation concerning specific dates of Mr. Poteet's purported ill deeds, she did not file her rule until August 31, 2015. Mr. Poteet died on February 24, 2012, over three-and-a-half years prior to her filing this current action. It goes without saying that Mr. Poteet could not have posthumously misappropriated corporate funds or property. Thus, any bad actions taken by him obviously occurred over three years prior to Mrs. Bumpus filing this suit. Thus, any

6

claims she had for actions taken by Mr. Poteet had clearly prescribed on their face, and the trial court was correct in granting the exception of prescription.[1]  This assignment of error is without merit.

For the above reasons, we hereby reverse the decision of the trial court granting the exception of no cause of action.  We hereby affirm the decisions of the trial court granting the exceptions of no right of action and prescription, dismissing Mrs. Bumpus' claims.  Costs of this appeal are hereby assessed against Mrs. Bumpus.

**AFFIRMED IN PART; REVERSED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal. Rule 2-16.3.

---

[1] Mrs. Bumpus claims that this claim is a personal action under La.Civ.Code art. 3499, subject to a liberative prescription of ten years.  However, the introductory clause of La.Civ.Code art. 3499 has been held to be a "catch-all provision" that covers personal actions not specifically covered by any other prescriptive period. *Parry v. Adm'rs of Tulane Educ. Fund*, 02-382, p. 16 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 40, *writ denied*, 02-2478 (La. 12/19/02), 833 So.2d 346. Louisiana Revised Statutes 12:1502 is legislation that provides a clear prescriptive period which applies to this matter, making La.Civ.Code art. 3499 inapplicable.

